IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE HOWELL, | ) | CASE NO. 1:11CV2029 |
| | ) | |
| Petitioner, | ) | JUDGE WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| TERRY TIBBALS, Warden, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of George Howell ("Howell") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on November 1, 2010. Howell is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio vs. Howell*, Case No. CR 510229 (Cuyahoga County 2008). For the reasons set forth below, the court should dismiss Howell's petition.

I.

The state appellate court reviewing Howell's conviction during his direct appeal found the following facts to be relevant to his case:

{¶ 2} Howell was indicted in a five-count indictment on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), two counts of felonious assault in violation of R.C. 2903.11(A)(2), one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2), and one count of having a weapon while under disability in violation of R.C. 2923.13(A)(2). The aggravated robbery and felonious assault charges carried one- and three-year firearm specifications. All counts also carried a forfeiture specification that was subsequently dismissed by the trial court, as was the carrying a concealed weapon charge.

{¶ 3} Trial testimony indicated the following. On April 24, 2008, brothers Sammie and Khalid Fattah were working at the Dove Mini Market in Cleveland. At approximately 9:15 p.m., as Khalid was standing by the front door of the market, a male entered the store, pointed a gun at Khalid and said, "Don't move. Where's the money? Where's the other guy?" The male was wearing a sweatshirt with the hood pulled up over his head, and his face was covered to just above his upper lip.

{¶ 4} Sammie, who had been sitting behind the counter, stood up. The robber, who was eight to ten feet away from him, turned and pointed the gun at him. Upon seeing the robber point the gun at his brother, Khalid, who was less than a foot away from the robber, grabbed the robber's arm and began struggling with him. The robber then shot Khalid twice.

{¶ 5} Sammie then grabbed a 9 mm handgun and fired shots at the robber until the gun jammed. Sammie testified that he shot at the robber's left shoulder and chest to avoid shooting his brother, who was still struggling with the robber. As they struggled, Khalid and the robber fell out the front door of the store. The covering on the robber's face slipped down, allowing Khalid to see his face, and the robber then ran away.

{¶ 6} Khalid came back inside the store and called 911; EMS transported him to MetroHealth Hospital shortly thereafter. Cleveland police responded to the scene and obtained a description of the suspect after talking to Sammie and viewing a videotape of the incident from the store's surveillance camera. The suspect was described as an African-American male, about 5'8" with a heavy build, wearing a gray sweatshirt, blue jeans, and dark boots.

{¶ 7} A short time later, the police were advised by personnel at St. Vincent Charity Hospital that Howell had arrived there at 10:50 p.m. seeking treatment for gunshot wounds to his upper left shoulder and chest area. Cleveland patrol officer Joseph Sedlak went to St. Vincent and spoke with Howell, who said that he had been walking in the area of East 99th Street and Miles Avenue at approximately 9:30 p.m. that evening when a vehicle pulled up beside him and two males began shooting at him. Howell said that he fled to his girlfriend's house, which the police later determined was only a 15-minute walk from the Dove Mini Market. Howell was unable to give a description of the car or the suspects and could not explain why he did not call the police to report the incident or seek immediate medical attention. Officer Sedlak inspected Howell's clothes, which consisted of a tee shirt, blue jeans, and tan boots. A short time later, Howell was transferred to MetroHealth Hospital.

{¶ 8} Officer Sedlak then contacted Cleveland police detective Arthur Echols, who was investigating the robbery, and reported that Howell's physical description and clothing matched that of the suspect in the Dove Mini Market robbery and, further, that his explanation of how he was shot was questionable, given that Cleveland police dispatch had informed Sedlak that no one had reported any shots fired that

> evening in the area of East 99th Street and Miles Avenue.
>
> {¶ 9} Det. Echols went to MetroHealth Hospital, where he spoke with Sammie, who was there visiting Khalid. Upon learning that Sammie might be able to identify the robber, Det. Echols told him to walk by Howell's bed. When Sammie confirmed that Howell was the robber, Det. Echols arrested him. Another officer took gunshot residue samples from Howell's hands, which subsequently tested positive for gunshot residue on his right hand.
>
> {¶ 10} Four days later, Det. Echols met with Khalid at the police department. Det. Echols showed him a six-person photo array and Khalid identified Howell from the array as the robber. Khalid also gave a written statement and reported that the robber's blue jeans had a distinctive rainbow design on the back pockets. Det. Echols then showed Khalid Howell's jeans, which had a rainbow design on them, and Khalid identified them as those worn by the robber.
>
> {¶ 11} The jury subsequently found Howell guilty of aggravated robbery and two counts of felonious assault. After a bench trial, the trial court found him guilty of having a weapon while under disability. The court subsequently sentenced him to 3 years incarceration on the three-year merged firearm specification, to be served prior to 10 years for aggravated robbery, 8 years on each of the felonious assault convictions, and 5 years for having a weapon while under disability, all to be served consecutively, for a total of 34 years.

*State v. Howell*, 2010 WL 2854240, at *1-*2 (Ohio App. July 22, 2010). The court also sentenced Howell to post-release control.

On January 27, 2009, Howell filed a motion for an evidentiary hearing as to whether the court should void the judgment against him for failure of the indictment to state a *mens rea* for aggravated robbery. There is no indication in the record that the trial court ruled on this motion. On August 24, 2009, Howell filed in the trial court a motion to vacate or set aside sentence. In his brief, Howell again argued that his conviction for aggravated robbery was void because the indictment failed to state a *mens rea* and no *mens rea* was proved at trial. The trial court denied this motion on September 16, 2009. Howell did not appeal this decision.

On October 16, 2009, Howell again filed in the trial court a motion to vacate or set

3

aside sentence. Howell contended that the trial was structurally flawed because the indictment failed to allege and the court failed to consider whether Howell knew at the time of his crimes that he was barred from possessing a firearm. The trial court denied this motion on October 26, 2010. Howell did not appeal this decision.

In the meantime, Howell timely appealed his conviction and sentence. Howell raised five assignments of error in this first direct appeal:

FIRST ASSIGNMENT OF ERROR:

> The trial court erred when it denied appellant's motion to suppress eyewitness identification.

SECOND ASSIGNMENT OF ERROR:

> The state failed to present sufficient evidence to sustain the convictions.

THIRD ASSIGNMENT OF ERROR:

> Appellant's convictions are against the manifest weight of the evidence.

FOURTH ASSIGNMENT OF ERROR:

> The trial court deprived appellant of a fair trial when it gave an improper jury instruction on consciousness of guilt.

FIFTH ASSIGNMENT OF ERROR:

> The trial court erred by ordering convictions and a consecutive sentence for separate counts of felonious assault and aggravated robbery and the weapons charge because the offenses are allied offenses pursuant to R. C. 2941.25 and they are part of the same transaction under R.C. 2929.14.

SIXTH ASSIGNMENT OF ERROR:

> The trial court erred by ordering appellant to serve a sentence which is contrary to law.

SEVENTH ASSIGNMENT OF ERROR:

> Appellant's consecutive sentences are contrary to law and violative of due

4

> process because the trial court failed to make and articulate the findings and reasons necessary to justify it.

(Capitalization altered from the original.) On September 14, 2009, Howell filed *pro se* a supplemental assignment of error: "The trial court violated the appellant's right to defend against a constitutionally correct indictment" (capitalization altered from the original). On July 23, 2010, the state appellate court affirmed Howell's conviction and sentence.

Howell timely appealed the state appellate court's decision. In his memorandum in support of jurisdiction, Howell asserted three propositions of law:

> PROPOSITION OF LAW NO. I: A trial court errs by ordering convictions and a consecutive sentence for separate counts of felonious assault, aggravated robbery, and having a weapon while under a disability because they are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under certain fact patterns.
>
> PROPOSITION OF LAW NO. II: A trial court errs, in violation of a Defendant's Fifth and Sixth Amendment right to counsel and Fourteenth Amendment right to due process under the U.S. and Ohio Constitutions, when it denies a motion to suppress an unnecessarily suggestive cold stand tending to be conducive to irreparable mistaken identification.
>
> PROPOSITION OF LAW NO. III: In light of Oregon v. Ice (2009), ___ U.S. ___, 129 S.Ct. 711, a trial court errs by relying on State v. Foster (2006), 109 Ohio St.3d 1, and, thereby, ordering consecutive sentences without making the necessary findings to justify them, correspondingly rendering them contrary to law and violative of due process.

On January 25, 2011, the Ohio Supreme Court affirmed the judgment of the trial court.

Howell filed in the state appellate court a motion for a delayed appeal on April 21, 2011. Howell contended in his supporting brief that the trial court had erred in failing to merge his sentences for aggravated robbery and having a weapon while under a disability. The state appellate court denied this motion on May 16, 2011. Howell did not appeal this decision.

5

On June 28, 2011, Howell filed in the state appellate court an untimely motion to re-open his appeal pursuant to Ohio App. R. 26(B). In his motion, Howell contended that appellate counsel had been ineffective for failing to argue that the trial court abused its discretion when it failed to declare a mistrial or hold a hearing upon discovering that a juror had been talking to a police officer in the hallway. On July 25, 2011, the state appellate court denied Howell's motion because (1) he had failed to demonstrate good cause for his untimeliness and (2) he had been given the opportunity to file a *pro se* brief, and a claim of ineffective assistance of appellate counsel is not available to an appellant who has been given an opportunity to file a *pro se* appellate brief. Howell did not appeal this decision.

On January 24, 2012, Howell filed in the trial court a motion to vacate his sentence and be re-sentenced. Howell asserted that his sentence was void because the trial court had failed to make the required findings of fact. The trial court denied this motion on January 25, 2012. Howell did not appeal this decision.

On September 26, 2011, Howell filed in this court a petition for a federal writ of habeas corpus. Howell asserts four grounds for relief in his petition:

GROUND ONE: Conviction obtained by a violation of the protection against double jeopardy.

GROUND TWO: Conviction obtained by a violation of due process because the trial court failed to make and articulate the findings and reasons necessary to justify [the sentence].

GROUND THREE: Conviction obtained by a violation of due process when the state failed to present sufficient evidence for the felonious assault.

GROUND FOUR: Conviction obtained by a violation of due process and denial of effective assistance of [appellate] counsel.

Respondent filed an Answer/Return of Writ on March 8, 2012. Doc. No. 9. Howell filed a

6

Traverse on May 29, 2012. Doc. No. 14. Thus, the petition is ready for decision.

II.

*A. Jurisdiction*

The Court of Common Pleas of Cuyahoga County, Ohio sentenced Howell. Howell filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d). Cuyahoga County is within this court's geographic jurisdiction. This court has jurisdiction over Howell's petition.

*B. Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings. 28 U.S.C. § 2254(e)(2). There is no need for an evidentiary hearing in the instant case. All of Howell's claims involve legal issues that can be independently resolved without additional factual inquiry.

*C. Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v.*

*Macklin*, 936 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief remain available, the petitioner has not exhausted state remedies.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies.  *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989).  "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."  *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986).  The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims.  *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

The requirement that petitioners exhaust state remedies is a matter of comity between the federal government and the states:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) (other citations omitted).  Because exhaustion is a matter of comity, a petition containing unexhausted claims may be denied on the merits.  28 U.S.C. § 2254(b)(2).

Howell has no state remedies available for his claims.  Because no state remedies

remain available to him, Howell has exhausted state remedies.

*D. Procedural default*

Procedural default occurs when a petitioner fails to present fairly his constitutional claims to the highest state court in a federal constitutional context. *Anderson v. Harless*, 459 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971). Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The "fundamental miscarriage of justice" exception is reserved for a petitioner who demonstrates that he is actually innocent of the crimes for which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Respondent contends that Howell has defaulted his first, third, and fourth grounds for relief. Howell's first ground for relief argues that the trial court erred when it in failed to merge Howell's convictions as allied offenses of similar import arising from a single transaction. Howell's trial counsel failed to assert this claim in the trial court when Howell was sentenced. Howell raised this claim in this state appellate court and in the Ohio Supreme Court. The state appellate court, however, noted the default at the trial level, reviewed the claim for plain error, and found it to be without merit. The Ohio Supreme Court affirmed the judgment of the state appellate court.

The rule that defendants must object contemporaneously to alleged trial errors is an adequate and independent ground on which Ohio may rely to foreclose habeas review. *Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). The state appellate court's examination of the merits of Howell's claim for plain error after citing a procedural default does not excuse the default or, by itself, permit a federal habeas court to review the claim on the merits. *Ewing v. McMackin*, 799 F.2d 1143, 1149 (1986). For these reasons, Howell has defaulted his first ground for relief.

Howell failed to present his third ground for relief, a due process violation for a conviction upon insufficient evidence for his assault conviction, to the Ohio Supreme Court. Howell's fourth ground for relief, ineffective assistance of appellate counsel for failure to argue that there was insufficient evidence for Howell's assault conviction,[1] was never presented to any state court.[2] Consequently, Howell has also procedurally defaulted these

---

[1] Howell's statement of this ground for relief in his petition reads as follows:

Ground four: Conviction obtained by a violation of due process and denial of effective assistance of counsel.

Supporting facts: Appellate counsel was ineffective for not raising the claim in ground three.

[2] Although Howell attempted to argue ineffective assistance of appellate counsel in his untimely motion for a delayed appeal, he asserted in that motion that appellate counsel had been ineffective for failing to argue that the trial court abused its discretion when it failed to declare a mistrial or hold a hearing upon discovering that a juror had been talking to a police officer. Fair presentment requires that any claim raised in federal court have been presented to the state courts as resulting from the same errors under the same legal theories described in the federal claim. *Pillette v. Foltz,* 824 F.2d 494, 497 (6th Cir. 1987). Thus, the claim of ineffective assistance of appellate counsel in Howell's motion to reopen did not allege the same errors under the same legal theory as the claim of ineffective assistance of appellate counsel in his habeas petition. Therefore, this claim was never fairly presented to any state court.

claims.

Howell does not assert cause and prejudice for his defaults, nor does he assert that enforcing these defaults will result in the imprisonment of someone who is actually innocent. Thus, the procedural defaults of Howell's first, third, and fourth grounds for relief should be enforced.

III.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. *Carey v. Musladin*, 549 U.S. ___, 127 S. Ct. 649, 653 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction. *Carey*, 127 S. Ct., at 653.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state

11

> court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court). A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result. *Id.* at 405-06. A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand. *Doan v. Brigano*, 237 F.3d 722, 729-31 (6th Cir. 2001). The court will examine Howell's remaining ground for relief using the deferential standard applied to state court rulings on the petitioner's claims.

Howell argues in his second ground for relief that his sentencing violated due process because the trial court failed to make necessary findings of fact and articulate reasons for sentencing him to consecutive sentences. Howell asserts that Ohio Rev. Code § 2929.14(e)(4) ("§ 2929.14(e)(4)") required the trial court to make findings sufficient to justify his consecutive sentences. The trial court's failure to do so, according to Howell, violated his right to due process, as specified by the Supreme Court's holding in *Oregon v. Ice*, 555 U.S. 160 (2009). Respondent denies that *Ice* applies in the instant case because *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006), eliminated the requirement that trial courts make findings before imposing consecutive sentences.

*Ice* held that the Second Amendment did not prohibit the states from requiring that judges engage in factfinding before imposing consecutive sentences. *Foster* found the

12

requirement for judicial factfinding in § 2929.14(e)(4) before imposing consecutive sentences to be unconstitutional in light of *Blakely*. *Foster,* 109 Ohio St.3d at 20-22, 25, 845 N.E.2d at 490-91, 494. Consequently, the court severed that provision from the Ohio sentencing statutes. *Id.*, 109 Ohio St.3d at 29, 845 N.E.2d at 497. After severance, the Ohio Supreme Court found that judicial factfinding was no longer required for courts to sentence defendants to consecutive terms. *Id.*, 109 Ohio St.3d at 29-30, 845 N.E.2d at 498.

Howell argues that because the Ohio Supreme Court improperly found § 2929.14(e)(4) to be unconstitutional, *Foster* improperly severed that provision from the Ohio sentencing statutes. According to Howell, his sentencing should have included findings of fact before he was sentenced to consecutive sentences. Because it did not, he claims his sentencing violated § 2929.14(e)(4) and his right to due process.

This court need not determine whether Howell's argument that *Foster's* severance of § 2929.14(e)(4) was improper. Even if Howell is correct that the severance was improper and that the trial court should have engaged in judicial factfinding before imposing consecutive sentences on him, Howell does not demonstrate that the trial court's failure to engage in the supposedly-required factfinding violated due process. In reviewing the decision of state courts, this court does not consider questions of state law:

> "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764 (1990); see also *Pulley v. Harris,* 465 U.S. 37, 41 (1984). . . . [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Thus, whether the trial court erred under

13

state law by failing to engage in judicial factfinding before sentencing Howell to consecutive sentences, by itself, is a question beyond the jurisdiction of this court. Howell cites no holding of the Supreme Court that the trial court's failure to engage in such factfinding violated his right to due process, nor is this court aware of any such holding. Without such a holding, the propriety of Howell's consecutive sentences is a matter of state law properly adjudicated in the state courts. For these reasons, Howell's second ground for relief should be denied.

IV.

For the reasons given above, Howell's first, third, and fourth grounds for relief should be dismissed as procedurally defaulted. Howell's second ground for relief should be dismissed as without merit. Thus, Howell's petition should be dismissed with prejudice.


Date: July 26, 2012 /s/ *Nancy A. Vecchiarelli*
United States Magistrate Judge

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**. *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111**.