IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------
GEORGE HOWELL,

                   Petitioner

         -vs-

TERRY TIBBLES,

                   Respondent.
------------------------------------------------

: CASE NO. 1:11 CV 02029

: <u>MEMORANDUM AND ORDER</u>

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      Pursuant to Local Rule 72.2(b)(2), the instant pro se petition for the writ of habeas corpus was referred to United States Magistrate Judge Nancy A. Vecchiarelli for report and recommendation ("R&R"). On 26 July 2012, the Magistrate Judge recommended that the petition be dismissed. (Doc. 15). The petitioner George Howell (hereinafter "petitioner") now objects. (Doc. 16). For the reasons that follow, the petitioner's objections will be overruled, the R&R adopted, and the petition dismissed

### I. Background

      A Cuyahoga County jury convicted the petitioner of aggravated robbery and two counts of felonious assault, and the trial court found him guilty of possessing a weapon

while under disability. State v. Howell, 2010 WL 2854240, at *1-2 (Ohio App. July 22, 2010). He was sentenced to 34 years incarceration. Id. He filed direct appeals to the state appellate court and to the Ohio Supreme Court, both of which affirmed his conviction and sentence. The petitioner also filed a number of motions to vacate or set aside his sentence in the trial court, which were denied. His motion to file a delayed appeal and his motion to reopen his appeal were denied by the intermediate court of appeals.

After exhausting his remedies in state court, the petitioner filed the instant petition for the writ of habeas corpus. He asserts four grounds for relief:

(1) "Conviction obtained by a violation of the protection against double jeopardy."

(2) "Conviction obtained by a violation of due process because trial court failed to make and articulate the findings and reasons necessary to justify [his sentence]."

(3) "Conviction obtained by a violation of due process when the state failed to present sufficient evidence for the felonious assault."

(4) "Conviction obtained by violation of due process and denial of effective assistance of [appellate] counsel."

(Doc. 1).

On referral, Magistrate Judge Vecchiarelli recommended that the Court dismiss the petition. Specifically, the Magistrate Judge concluded that the petitioner procedurally defaulted on his first, third, and fourth grounds for relief. The Magistrate Judge recommended rejecting his second claim for relief because it describes a violation of state law, not of the Constitution, laws, or treaties of the United States. The petitioner has filed timely objections and seeks the Court's de novo review of the Magistrate Judge's recommendations as to his first and second claims for relief.

2

## II. Discussion

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). Each of the petitioner's objections are addressed below.

In his first claim for relief, the petitioner maintains that protections against double jeopardy were violated when the trial court failed to merge his convictions as allied offenses of similar import arising from a single transaction. (Doc. 1, p. 4). The Magistrate Judge concluded that this claim was waived by procedural default, because the petitioner failed to lodge contemporaneous objections to the alleged error at sentencing. (Doc. 15, p. 10).

The petitioner objects and suggests that the claim is not procedurally defaulted because the state appellate court reviewed it for plain error. (Doc. 16, p. 1). This argument has no merit, because, as the Magistrate Judge indicated, "a state court may uphold a defendant's conviction both on the merits and on procedural grounds." Ewing v. McMackin, 799 F.2d 1143, 1149 (6th Cir. 1986). In such a circumstance, "the procedural ground is a substantial basis of the state court's decision and [ ] review of the merits on habeas is barred." Id. (quoting Gilbert v. Parke, 763 F.2d 821, 825 (6th Cir.1985)). In this instance, the state court reviewed the claim for plain error but concluded that the claim was waived for failure to meet the contemporaneous objection rule. As a result, the claim is procedurally defaulted. The petitioner's objection is overruled.

3

In his second ground for relief, the petitioner argues that due process was violated when the trial court failed to make necessary findings of fact and articulate reasons for sentencing him to consecutive sentences. The Magistrate Judge determined that this claim does not merit relief because the petitioner failed to identify Supreme Court precedent that would mandate, as a matter of due process, the factfinding to which he maintains he is entitled. (Doc. 15, pp. 13-14). The Magistrate Judge concluded that the Court is without jurisdiction to grant relief because the petitioner's challenge relates to the application of state law. (Doc. 15, p. 14).

The petitioner objects by stating, without support, that under the United States Constitution due process requires factfinding prior to the imposition of consecutive sentences. (Doc. 16, p. 3). This conclusory assertion does not amount to a specific objection, as is required by 28 U.S.C. § 636. See Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). Because this objection does not satisfy the specificity requirement of § 636, it is overruled. The Magistrate Judge's recommendation, being correct, is adopted.

The petitioner does not object to the Magistrate Judge's recommendations as to his third and fourth grounds for relief. In the absence of objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note. Finding no clear error as to these recommendations, the Court adopts them.

4

### III. Conclusion

For the reasons stated above, the petitioner's objections are overruled, the R&R is adopted in its entirety, and the petition is dismissed. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 28 May 2013